**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **BERNARD WOFFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File** |
| **v.** | ) | **No. _____** |
| | ) | |
| **AIR SERV CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Bernard Wofford (hereinafter "Mr. Wofford"), Plaintiff in the above-styled matter, by and through undersigned counsel, and hereby files this lawsuit against Air Serv Corporation (hereinafter "Air Serv"), showing as follows:

### Jurisdiction and Venue

1.

Mr. Wofford brings this action against Air Serv for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 ("FLSA"), which authorizes employees to institute civil actions in Court to recover damages for an employer's failure to pay minimum wages and overtime wages as required by the FLSA. Additionally, Mr. Wofford also brings this action for breach of contract and for prejudgment interest pursuant to O.C.G.A. § 13-6-13.

2.

This Court has jurisdiction over Mr. Wofford's federal claims pursuant to 28 U.S.C. § 1331, in that this is an action arising under the laws of the United States. This Court has supplemental jurisdiction over Mr. Wofford's state law claims pursuant to 28 U.S.C. § 1367.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c), in that Air Serv is a Georgia corporation with its principal place of business located within the Northern District of Georgia, Atlanta Division, and all of the events giving rise to this cause of action occurred within the Northern District of Georgia, Atlanta Division.

**<u>The Parties</u>**

4.

Mr. Wofford resides in Atlanta, Georgia (within this District) and is a citizen of the United States.

5.

Air Serv is a Georgia Corporation with its principal office located at 3399 Peachtree Road, N.E., Suite 1800, Atlanta, Georgia 30326. Air Serv regularly does

business in the State of Georgia and may be served through its registered agent, CT Corporation, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

## Statement of Facts

6.

Air Serv is a corporate entity engaged in business in the state of Georgia, providing a variety of services, including janitorial services, to among other clients, professional office buildings.

7.

Air Serv is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

At all relevant times, Mr. Wofford was, and continues to be, an "employee" of Air Serv within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

9.

At all relevant times, Mr. Wofford was a non-exempt employee entitled to minimum wages and overtime compensation within the meaning of FLSA, 29 U.S.C. §§ 206, 207(i), and 216(b).

10.

From May 2012 through and including April 2013, Mr. Wofford was employed by Air Serv to perform janitorial services at Emory Dialysis Clinic at

Northside (hereinafter the "Emory Clinic"), Sunday through Friday, from 5:00pm to 9:00pm, and at Gateway, Monday through Friday, from 10:00 am to 4:00pm.

11.

From May 2012 through and including August 2012, Air Serv agreed to pay Mr. Wofford at the rate of $9.50 per hour for work at the Emory Clinic and $9.00 per hour for work at Gateway.  Air Serv was obligated to pay Mr. Wofford one and one-half times his hourly rate for all hours worked in excess of forty (40) hours per week.

12.

From September 2012 through and including April 2013, Air Serv agreed to pay Mr. Wofford at the rate of $9.75 per hour for work at the Emory Clinic and $9.00 per hour for work at Gateway.  Air Serv was obligated to pay Mr. Wofford one and one-half times his hourly rate for all hours worked in excess of forty (40) hours per week.

13.

Between May 2012 and April 2013, Mr. Wofford frequently worked in excess of forty (40) hours per week.

14.

Air Serv failed to properly compensate Mr. Wofford for hours worked in excess of forty (40) per week.

15.

From May 2013 through present, Mr. Wofford was, and is, employed with Air Serv performing janitorial services at Hartsfield-Jackson International Airport (hereinafter "Airport") for 37.5 hours per week.

16.

Air Serv agreed to pay Mr. Wofford $9.00 per hour.

17.

From May 2013 through June 2013, Air Serv only paid Mr. Wofford for 30 hours per week.

18.

Mr. Wofford complained that Air Serv failed to pay him for all hours, including overtime, worked.

19.

Air Serv retaliated against Mr. Wofford as a result of these complaints by reducing his hourly rate to $7.25 per week.

20.

Before filing this Suit, Mr. Wofford tried to resolve these claims with Air Serv. Mr. Wofford, through counsel, sent a letter seeking to resolve the matter without litigation.  Air Serv acknowledged receipt of the letter, through counsel, but refused

to pay Mr. Wofford the unpaid compensation due him.  As a result of the foregoing, Mr. Wofford files this suit, seeking earned but unpaid overtime wages, earned but unpaid wages, and pre-judgment interest.

### Count I: Violations of FLSA, 29 U.S.C. § 207: Failure to Pay Overtime

21.

Mr. Wofford incorporates Paragraphs 1 through 20 of this Complaint, as if same were set forth fully herein.

22.

As set forth above, Air Serv has violated the FLSA, 29 U.S.C. § 207.

23.

Air Serv's actions were willful, in bad faith and entitle Mr. Wofford to liquidated damages pursuant to the FLSA, 29 U.S.C. § 216.

24.

As a result of Air Serv's violations of the FLSA, Mr. Wofford is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 216.

**Count II: Violation of FLSA, 29 U.S.C. § 206: Failure to Pay Minimum Wages**

25.

Mr. Wofford incorporates Paragraphs 1 through 24 of this Complaint, as if same were set forth fully herein.

26.

As set forth above, Air Serv has violated the FLSA, 29 U.S.C. § 206.

27.

Air Serv's actions were willful, in bad faith and entitle Mr. Wofford to liquidated damages pursuant to the FLSA, 29 U.S.C. § 216.

28.

As a result of Air Serv's violations of the FLSA, Mr. Wofford is entitled to damages, including, without limitation, unpaid wages, liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 216.

**Count III: Violation of FLSA, 29 U.S.C. § 215(a)(3): Retaliation**

29.

Mr. Wofford incorporates Paragraphs 1 through 28 of this Complaint, as if same were set forth fully herein.

30.

In lodging a complaint with Air Serv regarding its failure to provide minimum wages and overtime pay, Mr. Wofford engaged in protected activity under the FLSA.

31.

Air Serv retaliated against Mr. Wofford by reducing his hourly rate for attempting to enforce his federally protected rights.  Air Serv, thus violated 29 U.S.C. § 215(a)(3).

32.

As a result of Air Serv's violation of the anti-retaliation provisions of the FLSA, Mr. Wofford is entitled to damages, attorneys' fees and costs in amounts to be determined at trial.

## Count IV: Breach of Contract

33.

Mr. Wofford incorporates Paragraphs 1 through 32 of this Complaint, as if same were set forth fully herein.

34.

Air Serv failed to compensate Mr. Wofford for all hours worked as agreed.

35.

Air Serv breached its contract with Mr. Wofford by not compensating Mr. Wofford for all time worked.

36.

As a result of Air Serv's breach, Mr. Wofford is entitled to damages, in an amount to be determined at trial.

## **Jury Demand**

37.

Mr. Wofford requests a trial by jury on all counts of his Complaint.

## **Prayer**

WHEREFORE, Mr. Wofford prays for the following relief:

(a)    That Air Serv be served with process and be required to answer this lawsuit;

(b)    For a trial by a jury;

(c)    For a Judgment in favor of Mr. Wofford and against Air Serv for overtime pay, minimum wage, other unpaid compensation, and liquidated damages;

(d)    For an award of litigation expenses and costs, including attorneys' fees pursuant;

(e)    For such other and further relief as this Court deems just and proper.

Respectfully submitted this <u>8th</u> day of October, 2013.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
TRACY K. HAFF
Georgia Bar No. 141230
*Attorneys for Plaintiff*

3340 Peachtree Road, NE
Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
tkhaff@cohanlawgroup.com