SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (the "Agreement") is made and entered into by and between Air Serv Corporation ("Air Serv" or the "Company") and Bernard Wofford ("Plaintiff") (collectively, "the parties").

WHEREAS, Plaintiff filed suit in the United States District Court Northern District of Georgia (the "Complaint"), entitled *Bernard Wofford v. Air Serv Corporation*, Civil Action No. 1-13-cv-03348-CAP, alleging claims under the Fair Labor Standards Act ("FLSA"), specifically 29 U.S.C. §§ 206, 207, and 215(a)(3) (the "Action"); and

WHEREAS, Air Serv denies all claims and allegations in the Action; and

WHEREAS, the parties have determined it to be in their mutual interests to settle and terminate the Action and all other matters between them, without incurring the burden, risk, and expense of continued litigation; and

WHEREAS, the parties desire to have no further obligations to each other, except as specifically provided herein; and

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1. **Consideration.**

(a) In exchange for and in consideration of the promises contained herein, including Plaintiff's release of all claims against Air Serv, and in full and final settlement of the Action, Air Serv will provide Plaintiff with a payment of **Twenty Five Thousand Dollars and zero cents ($25,000.00)** (the "Settlement Payment") as follows:

(i) Air Serv shall issue a check, made payable to "Bernard Wofford" in the gross amount of Seven Thousand One Hundred Fifteen Dollars and no/100's ($7,115.00), less legally required taxes and deductions. This payment represents back wages and shall be delivered to Plaintiff, c/o Louis Cohan, Cohan Law Group ("Plaintiff's Counsel"), within three (3) days after the Effective Date (as defined below). Air Serv shall issue Plaintiff an IRS Form W-2 with respect to such payment.

(ii) Air Serv shall issue a check, made payable to "Bernard Wofford," in the amount of Seven Thousand Five Hundred Dollars and no/100's ($7,500.00), from which no taxes or deductions will be withheld. This payment represents liquidated damages and shall be delivered to Plaintiff, c/o Plaintiff's Counsel, within three (3) days after the Effective Date (as defined below). Air Serv shall issue Plaintiff an IRS Form 1099 with respect to such payment. Plaintiff must provide Air Serv with an IRS Form W-9 in order to process this payment.

(iii) Air Serv shall issue a check, made payable to "Cohan Law Group," in the amount of Ten Thousand Four Hundred Eighty Five Dollars and no/100's ($ 10,485.00), from which no taxes or deductions will be withheld. This payment represents attorneys' fees, costs

EXHIBIT A

and expenses and shall be delivered to Plaintiff's Counsel within three (3) days after the Effective Date (as defined below). Air Serv shall issue both Plaintiff and Plaintiff's Counsel an IRS Form 1099 with respect to such payment. Both Plaintiff and Plaintiff's Counsel must provide Air Serv with an IRS Form W-9 in order to process this payment.

(b) Air Serv makes no representations regarding the tax treatment, taxability, and/or non-taxability of the Settlement Payment (or any portion thereof). Plaintiff acknowledges that he has not relied upon any representation of the Company on that subject. Plaintiff understands and agrees that he shall be solely and exclusively responsible for the payment of any and all federal, state and/or local taxes, including any interest and/or penalties assessed thereon, associated with the payments referenced in the above-paragraphs.

(c) Plaintiff acknowledges and agrees that:

(i) Unless he enters into this Agreement, he would not otherwise be entitled to receive the Settlement Payment, and that such consideration is in addition to anything of value to which he is already entitled and constitutes fair consideration for signing this Agreement and agreeing to the terms and conditions set forth herein;

(ii) The consideration set forth in this Agreement constitutes full accord and satisfaction for all amounts due and owing to Plaintiff up to the date of execution of this Agreement, including, but not limited to, all wages, overtime, bonuses, paid time off, or other payments which may have been due and owing to Plaintiff; and

(iii) As of December 4, 2013, his correct rate of pay is $7.40/hour.

## 2. General Release.

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff hereby waives, discharges and releases Air Serv and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities, and its or their respective predecessors, successors, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, insurers, employees, representatives, agents and attorneys, in their individual and representative capacities ("Released Parties") from any and all actions, causes of action, obligations, liabilities, claims and demands Plaintiff has or may have, known or unknown, contingent or otherwise, and whether specifically mentioned in this Agreement or not, regardless of when they accrued *until the date Plaintiff signs this Agreement*.

This is a general release and includes, but is not limited to, the release of:

- any claims based on Plaintiff's employment with Air Serv; and

- any claims which were asserted, or which could have been asserted, in the Action, including any claims under the Fair Labor Standards Act, and any other claims related to any alleged unpaid or under paid wages or overtime, or other unpaid or underpaid wages or compensation, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, and liquidated damages; and

- any claims of employment discrimination, harassment or retaliation on any protected basis under applicable federal or state law, including Age, Sex, Color, Race, National Origin, Religion, Disability; and

- any claims under Title VII of the Civil Rights Act of 1964; the Equal Pay Act; the Americans With Disabilities Act; 42 U.S.C. § 1981; the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act; the Sarbanes Oxley Act; the Family and Medical Leave Act; the Employee Retirement Income Security Act (except for a claim for vested benefits); or any other federal, state, or local laws or regulations, including any and all laws or regulations prohibiting employment discrimination, harassment or retaliation or whistleblowing; and

- any claims for breach of contract, personal injury, negligence, defamation, intentional tort, wrongful or constructive discharge, compensatory and/or punitive damages or attorneys' fees and disbursements, emotional distress, pain and suffering, legal or equitable relief, reinstatement, back or front pay or lost benefits.

This general release does not include a release of: (a) any claims or causes of action which accrued after the date Plaintiff executes this Agreement; (b) any rights Plaintiff may have under the terms of this Agreement; and (c) any rights which cannot be released by private agreement. Plaintiff represents he has not filed any actions, lawsuits, complaints, or administrative charges or claims against Company in any forum or with any local, state or federal agency including, but not limited to, the Equal Opportunity Employment Commission ("EEOC"), based upon events occurring prior to the date of this Agreement. This Agreement does not preclude the filing of a charge with or participating in an investigation or proceeding conducted by the EEOC, Department of Labor, or any other federal, state or local agency charged with the enforcement of anti-discrimination laws, although by signing this Agreement, Plaintiff waives the right to any monetary recovery or other legal or equitable relief based on claims asserted in such a charge. Company shall be entitled to plead this Agreement as a complete defense to any claim or entitlement relating to Plaintiff's employment with Company which has been released by this Agreement and hereafter may be asserted by Plaintiff or other persons or agencies acting on his behalf in any suit or claim against Company.

3. **Court Approval of Agreement and Dismissal of Action.** Plaintiff acknowledges and agrees that, except for the Action, he is not presently aware of any legal or administrative proceedings pending by him and/or his representative against Air Serv or any of the Released Parties. Plaintiff agrees to file a Motion with the Court seeking approval of the terms of this Agreement and ordering the dismissal of the Action. Plaintiff agrees to execute any documents necessary to effect the Court's approval of this Agreement and the lawful dismissal of the Action with prejudice. This Agreement is strictly conditioned on the filing of and the Court's approval of the Agreement and dismissal of the Action with prejudice. Plaintiff's Counsel shall provide written notice to Elana Gilaad, Esq., ABM, 551 Fifth Avenue, Suite 300, New York, NY 10176 or via Facsimile at 1.866.509.3248 or via email at elana.gilaad@abm.com ("Company's Counsel") of the Court's Order approving the Agreement and Dismissing the Action.

3

4. **_Bona Fide_ Dispute; Denial of Wrongdoing.**

(a) This Agreement is in settlement of disputed claims. The parties agree that there is bona fide dispute as to whether Plaintiff could prevail on the merits of his FLSA claims and that the amount being paid to Plaintiff, as indicated in Paragraph 1, is a fair and reasonable resolution to this _bona fide_ dispute.

(b) It is agreed and understood between the parties that nothing contained in this Agreement, nor the fact that Plaintiff has been provided with any consideration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Air Serv or any of the Released Parties. Air Serv denies any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to his employment or his termination from employment, and asserts that it has, at all times relevant hereto, acted in good faith and in full compliance with the law.

5. **Choice of Law.** This Agreement shall in all respects be interpreted, enforced and governed in accordance with and pursuant to the laws of the State of Georgia, without regard to its conflicts of law principles.

6. **Full and Complete Agreement.** This Agreement constitutes the full, complete, and entire agreement between the parties regarding the subject matter hereof. No modification, release, discharge or waiver of any provision of this Agreement shall be of any force or effect unless made in writing and signed by the parties hereto or so ordered by the Court. The parties acknowledge that they have not relied on any representations or statements, whether oral or written, other than the express statements of this Agreement, in signing this Agreement. This Agreement shall constitute a valid and binding agreement between the parties, and shall inure to the benefit of and be binding upon each party's respective successors, executors and heirs.

7. **General Provisions.**

(a) _Counterparts._ This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which together shall constitute one and the same document.

(b) _Waiver._ The failure of any party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

(c) _Severability._ If any term, clause or provision of this Agreement shall for any reason be found invalid, unenforceable or void by a court of competent jurisdiction, then such provision will be modified only to the extent necessary to cure such invalidity and with a view to enforcing the parties' intention as set forth in this Agreement to the extent permissible, and the remaining provisions of this Agreement shall not be affected thereby and shall remain in full force and effect.

(d) _Time is of the essense._ Time is of the essence as to every provision of this Agreement.

4

### 8. Voluntary Agreement: Advice of Counsel: 21 Day Period.

Plaintiff acknowledges and agrees that:

(a) Plaintiff has read this document and fully understands it. Plaintiff understands its legal and binding effect. Plaintiff is acting voluntarily and of his own free will in executing this Agreement.

(b) Plaintiff has had the opportunity to seek, and was and advised in writing to seek, legal counsel prior to signing this Agreement, and acknowledges that he has been fully and fairly represented by Plaintiff's Counsel with respect to the negotiation of this Agreement.

(c) Plaintiff has been given at least 21 calendar days to consider the terms of this Agreement before signing it. If he signs this Agreement before the full 21-day period has expired, he knowingly and voluntarily waives the remainder of the 21-day consideration period, if any, following the date he signs this Agreement.

(d) Plaintiff agrees that any changes to this Agreement, whether material or immaterial, do not restart the running of the 21-day consideration period.

(e) Plaintiff has been advised that this Agreement will be void and Company shall have no obligation to provide him the Settlement Payment set forth in Paragraph 1 of this Agreement if Plaintiff does not sign this Agreement within the 21 day period stated above, or if Plaintiff revokes his acceptance.

### 9. Revocation.

Plaintiff understands that if he signs this Agreement, he can revoke his acceptance within seven (7) calendar days after signing it by submitting a written revocation notice to Company Counsel. If the last day of the revocation period should fall on a weekend or a legal holiday, then the required communication must be received no later than the first business day after the weekend or holiday. If Plaintiff does not revoke this Agreement within seven calendar days after execution, it will be final, binding, and irrevocable and submitted to the Court for approval, as set forth in Paragraph 3. The Effective Date of the Agreement shall be later of the date of receipt by Company's Counsel of Notice from Plaintiff's Counsel that the Court has issued an Order approving this Agreement and Dismissing the Action with prejudice or fourteen days after receipt by Employer's Counsel of the Agreement executed by Plaintiff (the "Effective Date").

### 10. Jury Trial Waiver.
The parties agree to waive any right to a trial by jury regarding any dispute, claim or cause of action arising out of, concerning, or related to, this Agreement.

**PLAINTIFF ACKNOWLEDGES AND AGREES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

Dated: 12-4, 2013        By: _____
                              BERNARD WOFFORD


Dated: 12/5, 2013        By: _____
                              On behalf of Air Serv Corporation